[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was heard by the Court on July 22, 1994. The parties were at issue on the subject of alimony, child support and division and payment of bills. Both parties testified at the hearing.
The Court finds that the marriage has irretrievably broken down and it is hereby dissolved. The Stipulated Agreement of the parties, dated July 22, 1994, concerning custody, visitation, insurance, education and medical and dental coverage is accepted and incorporated by reference in the judgment.
On the remaining issues they are resolved as follows:
1) the defendant is ordered to pay the plaintiff the sum of $1.00 per year as alimony.
2) the defendant is ordered to pay $100.00 per week for support of the minor child. The child support guidelines apparently established total support for the child in the amount of $124.00 with the defendant responsible for $74.00 and the plaintiff $50.00. The Court finds there are grounds to deviate from the guidelines until such time as the minor child is a full-time student or the cost of day care is reduced. Neither part has any assets. The plaintiff works full time and is required to pay $100.00 per week for child care. The Court finds that amount is fair and reasonable. That would leave only $24.00 per week for the support and needs of the child which is grossly insufficient. The defendant indicates that overtime is available and of the two parties he is in a better position to earn additional income as the plaintiff has to care for the CT Page 7013 child.
3) On the subject of bills the defendant maintains that he has been voluntarily paying the plaintiff $150.00 per week since their separation for child support and to allow the plaintiff to pay down certain bills. Based on his claimed overpayment of child support based on the guideline figure of $74.00 weekly he is seeking a credit against joint bills of $2,500.00. The Court does not agree. There was no breakdown of the $150.00 weekly payment, the plaintiff's expenses always exceeded her income including the $150.00 payment, and there is no basis for any credit. The following bills will be split evenly with each party responsible for 50% of these amounts;
1. Sears — $448.59
 2. Bradlee's — $590.39 (the additional $174.00 of that bill that was incurred by the defendant post-separation shall be his sole responsibility)
 3. Lafayette American Bank and Trust (7/26/93) — $1,300.00
4. ATT Mastercard — $3,786.38
5. VISA — $243.98
6. Lafayette American Bank Trust (7/94) $1,400.00
Gormley, J.